**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

**CRIMINAL ACTION NO. 11-113-KKC**
**CIVIL ACTION NO. 16-186-KKC**

**UNITED STATES OF AMERICA**                                                          **PLAINTIFF**

**v.**                                **REPORT AND RECOMMENDATION**

**TEDDY M. LIVINGSTON**                                                 **DEFENDANT**

* * * * * * * * * *

On June 9, 2016, Defendant Teddy Livingston filed, *pro se*, a § 2255 Motion.[1] (R. 66) (citing *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), and *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016)). Pursuant to local practice, this matter has been referred to the undersigned for preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts and for preparation of a report and recommendation.[2] *See* 28 U.S.C. § 636(b). As discussed below, preliminary review of Livingston's Motion reveals he is not entitled to the relief he seeks. Accordingly, it will be recommended that his § 2255 Motion be **denied**.

---

[1]Livingston's Motion is captioned "Motion to File a Successive 2255(f) Pursuant to 28 U.S.C. § 2255(f) . . . ." (R. 66). However, Livingston has not previously filed a § 2255 motion in this case. Thus, his pending Motion has been docketed as a Motion to Vacate under 28 U.S.C. § 2255, and not a Motion for Permission to File a Successive Motion.

[2]Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must "promptly examine" any § 2255 motion upon its filing. Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." *Id.*

I.  PROCEDURAL BACKGROUND

On March 26, 2012, Livingston pleaded guilty to attempt to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a), and § 846. (R. 45; R.55). The Plea Agreement provides that Livingston acknowledged he has two prior felony drug trafficking convictions and therefore may be subject to the enhanced statutory penalty as a career offender. (R. 55, at ¶ 6; *see also* R. 51 (Defendant's Sentencing Memorandum)). Based on Defendant's total offense level of 34 and criminal history score of VI, he had a Guideline Sentencing range of 262 to 327 months. On July 5, 2012, Livingston was sentenced to 180 months of imprisonment. (R. 60). In rendering the sentence, the District Judge stated that she found the Guideline calculations set forth in the Presentence Investigation Report (PSR) to be correct, but explained she was sentencing Defendant below the Guideline range because she found the career offender designation overstated his criminal history.[3] Defendant did not file a direct appeal.

Livingston has now filed the pending § 2255 Motion, challenging his sentence under the Supreme Court's decision in *Johnson*, 135 S. Ct. 2551. Specifically, he asserts that *Johnson* applies to invalidate his career offender designation under the United States Sentencing Guidelines ("U.S.S.G.") and requires he be re-sentenced.

II.  ANALYSIS

Under 28 U.S.C. § 2255(a), a federal prisoner may seek habeas relief on grounds that his conviction or sentence violated the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). A § 2255 motion

---

[3]The Court has reviewed the audio transcript of Defendant's sentencing proceeding.

does not have to be founded on constitutional error or even federal law. *Watt v. United States*, 162 F. App'x 486, 502-03 (6th Cir. 2006). However, to succeed on a § 2255 motion alleging constitutional error, a defendant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). To obtain relief under § 2255 for a nonconstitutional error, a defendant must establish either a fundamental defect in the criminal proceedings which inherently resulted in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process. *See Riggs v. United States*, 209 F.3d 828, 831 (6th Cir. 2000), *abrogated on other grounds as recognized by Kumar v. United States*, 163 F. App'x 361 (6th Cir. 2006); *see also Hicks v. United States*, 122 F. App'x 253, 256 (6th Cir. 2005); *McNeal v. United States*, 17 F. App'x 258, 260-61 (6th Cir. 2001).

In his § 2255 Motion, Livingston asserts his sentence as a career offender is unconstitutional in light of the Supreme Court's recent decision in *Johnson*, 135 S. Ct. 2551.[4] While the Supreme Court has not yet discussed *Johnson's* application to an identical clause in Sentencing Guideline § 4B1.2(a) for defining "crime of violence" under the career offender enhancement, the Sixth Circuit recently held *Johnson* does so apply and renders the residual clause in § 4B1.2(a) unconstitutionally vague. *United States v. Pawlak,* __ F.3d __, 2016 WL 2802723, at *8 (6th Cir. May 13, 2016). This

---

[4] In *Johnson*, the Supreme Court held the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague. *Id*. at 2560-62. Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces a mandatory minimum of 15 years of imprisonment if he has three previous convictions for a violent felony, a serious drug offense or both. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" to include any previous felony conviction that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). This portion of the definition of "violent felony" is the "residual clause," which the Supreme Court has held is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. Livingston was not sentenced as an armed career criminal under the ACCA, but argues *Johnson* applies to the Sentencing Guideline provision for determining whether a defendant qualifies as a career criminal.

Court, being bound by the law of the Sixth Circuit, will review whether Livingston's designation as a career offender was reached using the residual clause in § 4B1.2(a).

Under Sentencing Guideline § 4B1.1, there are three criteria for determining whether a defendant is a "career offender": "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The definitions for "crime of violence" and "controlled substance offense" are defined in Sentencing Guideline § 4B1.2. *Johnson* and *Pawlak* apply only to the residual clause used to define "crime of violence." There is no residual clause in the definition of "controlled substance offense." (*Compare* U.S.S.G. § 4B1.2(a) (definition of "crime of violence"), *with* U.S.S.G. § 4B1.2(b) (definition of "controlled substance offense")).

Here, a review of the Presentence Investigation Report (PSR) reveals that Livingston was correctly found to be a career offender under Sentencing Guideline § 4B1.1, and such finding did not implicate the residual clause found unconstitutional in *Pawlak*. Livingston does not argue that any error was made in the findings regarding the first two criteria under § 4B1.1. The PSR provides he was born on April 26, 1981, and thus the first criteria was met because he was at least eighteen years old at the time he committed the offense. (PSR, at 2). In addition, in this matter he pleaded guilty to attempting to possess with intent to distribute 500 grams or more of cocaine–a controlled substance offense. Therefore, the second criteria was met since the instant offense of conviction is a felony that is a controlled substance offense. Thus, the only issue is whether Livingston had at least two prior felony convictions of either a crime of violence or a controlled substance offense.

4

The PSR and the Plea Agreement demonstrate that Livingston was found to meet the third criteria because he had two prior felony convictions for a controlled substance offense.[5] (PSR, at ¶¶ 21, 28-29: R. 55, at ¶ 6). Livingston was not found to have a predicate offense for a crime of violence. (PSR). Thus, the residual clause contained within the definition of "crime of violence" was not implicated in the finding that he qualified as a career offender under Guideline § 4B1.1.

Accordingly, it "plainly appears from the [M]otion . . . and the record of prior proceedings that [Livingston] is not entitled to relief" because the sentence imposed is not affected by the holding of either *Johnson* or *Pawlak*. *See* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Therefore, it will be recommended that Livingston's Motion be dismissed.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that

---

[5] Specifically, Livingston's prior convictions were: 1) a 1999 conviction in Kentucky for trafficking in controlled substance-cocaine; and 2) a 2004 conviction in Kentucky for trafficking in a controlled substance–cocaine. (PSR, at ¶¶ 28-29).

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of the Defendant's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

### IV. CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons stated above, **IT IS RECOMMENDED** that:

(1) Defendant Livingston's § 2255 Motion (R. 66) be **denied**;

(2) a Certificate of Appealability be denied by the District Court in conjunction with the Court's entry of its final order in this matter;

(3) Judgment in favor of the United States be entered contemporaneously with the District Court's entry of its final order; and,

(4) this action be stricken from the active docket of the Court.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen (14) days after being served

with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981).

This 22nd day of June, 2016.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2255 prelim review\11-113-KKC Livingston R&R final.wpd